# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| AMSTED RAIL COMPANY, INC. and ASF-K DE MEXICO S. DE R.L. DE C.V., <br>     Plaintiffs, <br>   v. <br> UNITED STATES, <br>     Defendant, <br>   and <br> COALITION OF FREIGHT COUPLER PRODUCERS, <br>     Defendant-Intervenor. | Court No. 23-00268 |

## PLAINTIFFS' CONSENT MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Rules 7 and 15(a)(2) of the Rules of the U.S. Court of International Trade, Plaintiffs Amsted Rail Company, Inc. and ASF-K de Mexico S. de R.L. de C.V. ("Plaintiffs") respectfully move for leave to amend its Complaint in this action to remove Count One of the Complaint and delete from the Complaint the facts relevant only to Count One.

Counsel for Defendant United States, Garrett Peterson, Esq. of the U.S. International Trade Commission, consented to this motion by email on February 7, 2025. Counsel for Defendant-Intervenor, the Coalition of Freight Coupler Producers, Daniel Pickard, Esq., consented to this motion by email on February 6, 2025.

## STANDARD OF REVIEW

Pursuant to Rule 15(a)(2), in cases where an amendment to a pleading is made more than 21 days after service of the pleading, "a party may amend its pleading only with the opposing part's written consent or the court's leave. The court should freely give leave when justice so requires." USCIT R. 15(a)(2). "The granting of a motion for leave to amend the pleading is

within the sound discretion of the court." *Giorgio Foods, Inc. v. United States*, 35 CIT 1581, 1584, 804 F Supp. 2d 1315, 1319 (2011) (citing *Intrepid v. Pollock*, 907 F.2d 1125, 1129 (Fed. Cir. 1990). "Absent any dilatory motive, undue cause for delay, repeated failures to cure deficiencies by amendments, futility of amendment, or undue prejudice to the opposing party, leave to amend should be liberally given." *Giorgio Foods*, 35 CIT at 1584, 804 F. Supp. 2d at 1319 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In exercising its discretion, the court 'will consider a variety of factors including, but not limited to, (1) the timeliness of the motion to amend its pleadings; (2) the potential prejudice to the opposing party; (3) whether additional discovery will be necessary; (4) the procedural posture of the litigation; (5) whether the omitted counterclaim is compulsory; (6) the impact on the court's docket; and (7) the public interest.'" *Giorgio Foods*, 35 CIT at 1584, 804 F. Supp. 2d at 1319 (quoting *Tomoegawa (U.S.A.), Inc. v. United States*, 15 CIT 182, 186, 763 F. Supp. 614, 618 (1991)).

## NATURE OF AMENDMENT SOUGHT AND APPLICATION TO THE REQUIREMENTS FOR AMENDMENT OF THE COMPLAINT

In this case, Plaintiffs seek to amend the Complaint only to remove Count One and the recitation of facts relevant only to Count One. Plaintiffs do not intend to disturb any portion of the Complaint relating to the remaining counts. Count One of the Complaint challenges the Commission's refusal to disqualify an attorney, an accountant, and a law firm in connection with its investigation. *See* Complaint (docket no. 5 (confidential version) and 29 (public version)) ¶ 95.

Plaintiffs made a final decision only in the last few days to drop Count One regarding the disqualification issue and is notifying the Court of this decision as promptly as possible.

Furthermore, there can be no possible prejudice to any party in dropping Count One of its Complaint, since it is only dropping an allegation that does not affect any of the other allegations in the Complaint and is not seeking to add any allegations or counts or modify any of the other existing counts in the Complaint. This action under 19 U.S.C. § 1516a is adjudicated only on the basis of the existing administrative record and therefore there is no discovery. There are no counterclaims in this action. The removal of Count One by definition can only lighten the load of the Court and will have no adverse effect on the Court's docket. Finally, the public interest would be served by allowing this amendment to the Complaint by removing a significant issue for which there is no remaining controversy to be resolved and thereby expediting the resolution of the case as a whole. Considering the circumstances as a whole, and particularly that granting the amendment would cause no prejudice to the other parties, the Court should grant the motion. Indeed, denial of the motion without any justifying reason would be an abuse of discretion. *See Giorgio Foods*, 35 CIT at 1586, 804 F. Supp. 2d at 1320 (quoting *Foman*, 371 U.S. at 182).

## RELATION BACK

Under USCIT Rule 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading" under certain circumstances, including when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading …." USCIT R. 15(c)(1)(B).

In this case, all of the claims asserted in the proposed Amended Complaint are identical to the claims in the original Complaint and sets forth the same conduct, transactions, and occurrences described in the original Complaint. The only difference is that the Amended

3

Complaint drops claims and discussion of conduct, transactions, and occurrences relating to Count One of the original Complaint.  As such, the requirements of Rule 15(c) are met, and accordingly the Court should deem the Amended Complaint to relate back to the original Complaint for purposes of Rule 15(c) and the statute of limitations in this action.

## CONCLUSION

  For the reasons discussed above, we respectfully request that this Court grant Plaintiffs' motion for leave to amend the Complaint.  We also respectfully request the Court confirm that the Amended Complaint relates back to the date of the original Complaint.  Attached is a proposed Amended Complaint and a redline to the original Complaint.

            Respectfully submitted,

            /s/ Richard P. Ferrin
            Douglas J. Heffner
            Brian Perryman
            Richard P. Ferrin
            Carolyn Bethea Connolly
            FAEGRE DRINKER BIDDLE & REATH LLP
            *Counsel to Plaintiffs*

Dated: February 7, 2025

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| AMSTED RAIL COMPANY, INC. and ASF-K DE MEXICO S. DE R.L. DE C.V., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> COALITION OF FREIGHT COUPLER PRODUCERS, <br><br> Defendant-Intervenor. | **Court No. 23-00268** |

## ORDER

Upon consideration of the Consent Motion for Leave to Amend Complaint filed by Plaintiffs Amsted Rail Company, Inc. and ASF-K de Mexico S. de R.L. de C.V., and upon all other papers and proceedings herein, it is hereby

**ORDERED** that Plaintiffs' Motion is granted; and further

**ORDERED** that the Amended Complaint is substituted for the original Complaint in this action; and further

**ORDERED** that the Amended Complaint shall be treated as relating back to the date of the Original Complaint, pursuant to USCIT Rule 15(c).

**SO ORDERED**.

Dated: _____  _____
New York, New York                                          Gary S. Katzmann, Judge